IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEAT COVER PRO, LLC D/B/A 4KNINES, § <br>     *Plaintiff*, § <br> § <br> v. § <br> §   Civil Action No. \_\_\_\_\_ <br> JW BRANDS, INC., § <br> JAMES CHEN, and § <br> WILSON CHUNG, § <br>     *Defendants*. § | |

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**PLAINTIFF SEAT COVER PRO, LLC D/B/A 4KNINES'S COMPLAINT FOR
COPYRIGHT INFRINGEMENT AND FALSE ADVERTISING AGAINST
<u>JW BRANDS, INC., JAMES CHEN, AND WILSON CHUNG</u>**

Plaintiff SEAT COVER PRO, LLC D/B/A 4KNINES for its Complaint against JW BRANDS, INC., JAMES CHEN, and WILSON CHUNG would respectfully show the Court as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action for infringement of copyright and false advertising arises under the Copyright and Trademark Laws of the United States, 17 U.S.C. §§ 101-1332 and 15 U.S.C. §§ 1051-1141, respectively. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1338 (copyright and trademark action). Venue is based on the provisions of 28 U.S.C. §§ 1391(b)(2), 1400(a).

2. Plaintiff Seat Cover Pro, LLC d/b/a 4Knines ("Plaintiff") is a Texas limited liability company, having its principal place of business at 2021 McKinney Avenue, Dallas, Texas 75201.

3. Upon information and belief, Defendant JW Brands, Inc. is a California corporation, having a principal place of business at 103 Exchange Place, Pomona, California 91768.

4. Upon information and belief, Defendant James Chen is an individual residing at 3 Los Padres Place, Pomona, California 91766.

5. Upon information and belief, Defendant Wilson Chung is the Chief Executive Officer of JW Brands, Inc.

6. JW Brands, Inc., James Chen and Wilson Chung are collectively referred to as "Defendants."

7. On information and belief, Defendants James Chen and Wilson Chung have directed and controlled the infringing acts of Defendant JW Brands, Inc. and have themselves committed acts of copyright infringement and false advertising.

8. Defendants, on information and belief, have done business in Texas in connection with the accused infringing copies, which have been distributed and sold to customers in Texas. Defendants have directed the false advertising of JW Brands, Inc.'s products to consumers in Texas.

9. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

10. Seat Cover Pro, LLC d/b/a 4Knines ("4Knines") is the distributor of a line of protective seat covers for vehicles for use by dogs and other pets, sold under the brand 4Knines®.

11. 4Knines and its predecessors have been selling the 4Knines® seat covers continuously since July 2013. The 4Knines® products are manufactured to a high standard of quality and are sold with a lifetime warranty. A major portion of the sales of 4Knines® covers are made online via 4Knines's website at www.4knines.com and through online merchants, such as Amazon.

12. In order to promote its products and to illustrate them to potential purchasers, 4Knines has used high-quality photographs showing its seat covers installed in vehicles. Representative examples of these photographs are seen on the 4Knines® website. A copy of the current home page of that website is attached as Exhibit A. 4Knines uses these photographs to build the reputation of its brand spending as much as $50,000 each month.

13. Starting in 2015, Defendants began to offer for sale inferior quality vehicle seat covers for dogs under the trademark BarksBar using online merchants such as Amazon. Defendants used an unauthorized copy of one 4Knines's photographs of a 4Knines® rear seat cover in its online advertising and promotion for its inferior BarksBar covers. The photograph used in the advertising was the subject of one of 4Knines's copyright registrations.

14. In October 2015, 4Knines gave notice, using the Amazon take-down procedure, that the advertising for the BarksBar products made use of infringing copies of 4Knines's copyrighted photographs. Amazon, in line with its procedure, removed the BarksBar advertising containing on infringing copy of 4Knines's photograph from the Amazon website.

15. When Amazon removes content alleged to infringe copyright, it notifies the person whose images were removed of that removal and of the reason for the removal.

16. Accordingly, at least as long ago as October 2015, Defendants were aware that the photograph they had copied and used, without authorization, for their own commercial

purposes was the subject of copyrights owned by 4Knines. Nevertheless, Defendants have continued to reproduce 4Knines's copyrighted photographs as detailed below.

17. Exhibit B shows the packaging in which a BarksBar front seat cover was delivered to a purchaser in Texas as recently as April 2017. The photograph visible on the packaging is a copy of one of 4Knines's copyrighted photographs, which is the subject of Copyright Registration No. VAu 1-238-076.

18. Exhibit C shows the packaging in which a BarksBar rear seat cover was delivered to a purchaser in Texas as recently as April 2017. The photograph visible on the packaging is a copy of one of 4Knines's copyrighted photographs, which is the subject of Copyright Registration No. VAu 1-238-076.

19. On November 12, 2016, JW Brands, Inc. filed trademark Application No. 87/23497 for the mark BARKSBAR. Accompanying the application was the required specimen showing how applicant was using its mark. True and correct copies of the application and accompanying specimen of use, downloaded from the Trademark Office's website are attached as Exhibit D. The specimen is said to show the applicant's product packaging. Exhibit D, p.2.

20. The product packaging, Exhibit D p. 9, contains unauthorized copies of Plaintiff's copyrighted photographs of its 4Knines® covers.

## COUNT I
## INFRINGEMENT OF COPYRIGHT, 17 U.S.C. § 106

21. 4Knines's predecessor, James Umlauf, obtained copyright registrations of original photographs of the 4Knines® car seat covers, including Registrations Nos. VAu 1-238-076, VAu 1-237-471 and VAu 1-237-476. Copies of the Certificates of Copyright Registration are attached as Exhibit E.

22. The photographs shown in Exhibits B, C and D are included in the portfolio of photographs that is the subject of Copyright Registration No. VAu 1-238-076.

23. Defendants' reproduction of 4Knines's copyrighted photograph in the copy used on the packaging for its seat cover is an infringement of 4Knines's Copyright Registration No. VAu 1-238-076.

24. Registration No. VAu 1-238-076 was registered on November 9, 2015. On information and belief, Defendants' infringement of 4Knines's copyright commenced after the effective date of Registration No. VAu 1-238-076.

25. Defendants' infringement of 4Knines's copyright was committed willfully because it was carried out with full knowledge of 4Knines's registration of the copyright in its photograph.

## COUNT II
## FALSE ADVERTISING, 15 U.S.C. § 1125(a)(1)(B)

26. Defendants' use of photographs of 4Knines's 4Knines® seat covers to advertise and sell Defendants' inferior seat covers constitutes false advertising under 15 U.S.C. § 1125(a)(1)(B). The use of the photographs in Defendants' advertising and packaging falsely represented that the images show the seat covers Defendants are offering to supply to customers. In fact, the Defendants intended to and did deliver their own, inferior, seat covers.

27. Defendants' display of photographs of the 4Knines® seat covers on Defendants' advertising and packaging harms 4Knines because Defendants' false and misleading representation to the consuming public regarding the nature of Defendants' seat covers damages 4Knines's business and goodwill.

28. Defendants' use of photographs of the 4Knines® covers in the advertising and sale of Defendants' seat covers continued after Defendants knew or reasonably should have

known that the photographs it used were proprietary to 4Knines and depicted the 4Knines® seat covers. At all times, Defendants knew that the photographs did not show not Defendants' BarksBar seat covers.

## COUNT III
## ATTORNEY'S FEES

29. The Copyright Act provides for an award of attorney's fees to the prevailing party. 17 U.S.C. § 505. In this action, 4Knines is clearly entitled to recover its attorney's fees to further the purposes of the copyright statute in protecting original works of authorship and deterring infringement.

30. The Trademark Act also provides for the award of attorney's fees in an exceptional case. 15 U.S.C. § 1117. This is an exceptional case because Defendants continued to use the copyrighted photographs of the 4Knines® seat covers to advertise and sell the inferior BarksBar seat covers with knowledge that the photographs they used were copyrighted images of the 4Knines® seat covers and that the seat covers sold by Defendants were of inferior quality to those covers.

## PRAYER

4Knines prays that, after trial of this action, the Court enter a final judgment and permanent injunction as follows:

(a) that Defendants and all those in active concert with Defendants are permanently enjoined from infringing copyright registrations Nos. VAu 1-238-076, VAu 1-237-471 and VAu 1-237-476;

(b) that Defendants and all those in active concert with Defendants are permanently enjoined from using photographs of 4Knines's products in the advertising, promotion and sale of Defendants' products;

(c) that Defendants be ordered to pay 4Knines (i) all damages suffered by 4Knines as a result of Defendants' infringement of 4Knines's Copyrights and any profits of Defendants attributable to those acts of infringement not taken into account in computing actual damages, or (ii) at 4Knines's election, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages under 17 U.S.C. § 504(c)(2) for willful infringement;

(d) that Defendants be ordered to deliver to 4Knines for destruction all advertising and promotional materials and all packaging and labelling containing infringing copies of any of 4Knines's copyrighted photographs and of all plates, molds, matrices, masters, tapes, files, negatives and other articles by means of which infringing copies of 4Knines's copyrighted photographs may be reproduced;

(e) that Defendants be directed to file with the Court and serve on 4Knines, within thirty days of the entry of an injunction in this action, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with that injunction;

(f) that 4Knines recover its costs and reasonable attorney's fees; and

(g) that 4Knines have such other relief, legal and equitable, as the Court may deem just.

## JURY REQUEST

Plaintiff requests trial by jury.

DATED: June 28, 2017

                    Respectfully submitted,

                    /s/ John M. Cone
                    John M. Cone
                    State Bar No. 04660100
                    Keith Bowman Wilson, Jr.
                    State Bar No. 24076778
                    Ferguson Braswell Fraser Kubasta PC
                    2500 Dallas Parkway, Suite 600
                    Plano, Texas 75093
                    Telephone: (972) 826-4436
                    Facsimile: (972) 378-9115
                    jcone@dallasbusinesslaw.com
                    bwilson@dallasbusinesslaw.com

                    ATTORNEYS FOR PLAINTIFF
                    SEAT COVER PRO, LLC D/B/A 4KNINES